# Exhibit "A"



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 18735157**
**Date Processed: 09/24/2018**

| | |
|---|---|
| Primary Contact: | Kristina Cates<br>Laboratory Corporation of America Holdings<br>531 South Spring Street<br>Burlington, NC 27215 |
| Electronic copy provided to: | Emily Greeson<br>Lynda Andrews<br>Anetta Outlaw<br>Mary Beth Maines |

| | |
|---|---|
| Entity: | Laboratory Corporation of America<br>Entity ID Number  0035873 |
| Entity Served: | Laboratory Corporation of America |
| Title of Action: | Alma Haro vs. Laboratory Corporation of America |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Class Action |
| Court/Agency: | Los Angeles County Superior Court, California |
| Case/Reference No: | BC722757 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 09/21/2018 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Matthew R. Bainer<br>510-922-1802 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LABORATORY CORPORATION OF AMERICA, a Delaware
corporation; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** *Alma Haro*
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

See Attachment

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 20 2018

Sherri R. Carter, Executive Officer/Clerk of Court

By: Brittny Smith, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles County Superior Court

**CASE NUMBER:**
*(Número del Caso):* BC 722757

111 North Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
The Bainer Law Firm 1901 Harrison St. Ste. 1100 Oakland CA, 94612 (510) 922-1802

DATE: September 20, 2018   SHERRI R. CARTER Clerk, by _Brittny Smith_, Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Laboratory Corporation of America, a Delaware corporation

under: ☑ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Haro v. Laboratory Corporation of America | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[✓] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

ALMA HARO, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Haro v. Laboratory Corporation of America | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

LABORATORY CORPORATION OF AMERICA, a Delaware corporation; and DOES 1 through 100, inclusive

Page   3   of   3

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1  Matthew R. Bainer, Esq. (SBN 220972)
   **THE BAINER LAW FIRM**
2  1901 Harrison St., Suite 1100
   Oakland, California 94612
3  Telephone:   (510) 922-1802
   Facsimile:   (510) 844-7701
4  mbainer@bainerlawfirm.com

5  Attorneys for Plaintiff Alma Haro

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 20 2018

Sherri R. Carter, Executive Officer/Clerk of Court

By: Brittny Smith, Deputy

6

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                FOR THE COUNTY OF LOS ANGELES

10

11 | ALMA HARO, individually, and on behalf   | Case No. BC 728757
   | of other members of the general public   |
12 | similarly situated, and as aggrieved      | **CLASS ACTION COMPLAINT &**
   | employees pursuant to the Private Attorneys | **ENFORCEMENT UNDER THE PRIVATE**
13 | General Act ("PAGA"),                     | **ATTORNEYS GENERAL ACT,**
   |                                           | **CALIFORNIA LABOR CODE §§ 2698 ET**
14 |              Plaintiff,                   | **SEQ.**
   |                                           |
15 |     vs.                                   | (1) Violation of California Labor Code §§ 510
   |                                           |     and 1198 (Unpaid Overtime);
16 | LABORATORY CORPORATION OF                 | (2) Violation of California Labor Code
   | AMERICA, a Delaware corporation; and      |     §§ 1194, 1197, and 1197.1 (Unpaid
17 | DOES 1 through 100, inclusive,            |     Minimum Wages);
   |                                           | (3) Violation of California Labor Code
18 |              Defendants.                  |     §§ 226.7 and 512(a) (Unpaid Meal Period
   |                                           |     Premiums);
19 |                                           | (4) Violation of California Labor Code § 226.7
   |                                           |     (Unpaid Rest Period Premiums);
20 |                                           | (5) Violation of California Labor Code §§ 201
   |                                           |     and 202 (Wages Not Timely Paid Upon
21 |                                           |     Termination);
   |                                           | (6) Violation of California Labor Code §
22 |                                           |     226(a) (Non-Compliant Wage Statements);
   |                                           | (7) Violation of Labor Code §§ 2698, et seq.
23 |                                           |     ("PAGA"); and
   |                                           | (8) Violation of California Business &
24 |                                           |     Professions Code §§ 17200, *et seq.*

25 |                                           | **Jury Trial Demanded**

26                                              **BY FAX**

27

28

CLASS ACTION COMPLAINT

1    Plaintiff, individually and on behalf of all other members of the public similarly

2    situated, alleges as follows:

3                           **JURISDICTION AND VENUE**

4        1.    This class action is brought pursuant to California Code of Civil Procedure

5    section 382.  The monetary damages and restitution sought by Plaintiff exceed the minimal

6    jurisdiction limits of the Superior Court and will be established according to proof at trial.

7        2.    This Court has jurisdiction over this action pursuant to the California

8    Constitution, Article VI, section 10.  The statutes under which this action is brought do not

9    specify any other basis for jurisdiction.

10       3.    This Court has jurisdiction over all Defendants because, upon information and

11   belief, Defendants are either citizens of California, have sufficient minimum contacts in

12   California, or otherwise intentionally avail themselves of the California market so as to render

13   the exercise of jurisdiction over them by the California courts consistent with traditional

14   notions of fair play and substantial justice.

15       4.    Venue is proper in this Court because the acts and omissions alleged herein

16   took place in this county.

17       5.    California Labor Code sections 2699 et seq., PAGA, authorizes aggrieved

18   employees to sue directly for various civil penalties under the California Labor Code.

19       6.    Plaintiff timely provided notice on July 12, 2018 to the California Labor and

20   Workforce Development Agency ("LWDA") and to Defendants, pursuant to California Labor

21   Code section 2699.3.

22                            **THE PARTIES**

23       7.    Plaintiff Alma Haro is a resident of the State of California.

24       8.    Defendant Laboratory Corporation of America ("Defendant") was and is, upon

25   information and belief, a Delaware corporation and, at all times hereinafter mentioned, an

26   employer whose employees are engaged throughout the State of California, or the various

27   states of the United States of America.

28       9.    Plaintiff is unaware of the true names or capacities of the Defendants sued

CLASS ACTION COMPLAINT

1  herein under the fictitious names DOES 1 through 100 but will seek leave of this Court to

2  amend the complaint and serve such fictitiously named Defendants once their names and

3  capacities become known.

4        10.   Plaintiff is informed and believes, and thereon alleges, that DOES 1 through

5  100 are the partners, agents, owners, shareholders, managers or employees of Defendant at all

6  relevant times.

7        11.   Plaintiff is informed and believes, and thereon alleges, that each and all of the

8  acts and omissions alleged herein were performed by, or are attributable to, Defendant and/or

9  DOES 1 through 100 (collectively "Defendants"), each acting as the agent, employee, alter

10  ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and

11  was acting within the course and scope of such agency, employment, joint venture, or

12  concerted activity with legal authority to act on the others' behalf.  The acts of any and all

13  Defendants represent and were in accordance with Defendants' official policy.

14        12.   At all relevant times, Defendants, and each of them, ratified each and every act

15  or omission complained of herein.  At all relevant times, Defendants, and each of them, aided

16  and abetted the acts and omissions of each and all the other Defendants in proximately causing

17  the damages herein alleged.

18        13.   Plaintiff is informed and believes, and thereon alleges, that each of said

19  Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

20  omissions, occurrences, and transactions alleged herein.

21                    **CLASS ACTION ALLEGATIONS**

22        14.   Plaintiff brings this action on her own behalf, as well as on behalf of each and

23  all other persons similarly situated, and thus, seeks class certification under California Code of

24  Civil Procedure section 382.

25        15.   All claims alleged herein arise under California law for which Plaintiff seeks

26  relief authorized by California law.

27        16.   Plaintiff's proposed class consists of and is defined as follows:

28            All individuals who worked for Defendants in the state of

CLASS ACTION COMPLAINT

California as a non-exempt, hourly-paid employee at any time during the period from four years prior to the filing of this Complaint until the date of certification ("Class").

17.     Members of the Class will hereinafter be referred to as "class members."

18.     Plaintiff reserves the right to redefine the Class and to add additional subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

19.     There are common questions of law and fact as to the class members that predominate over questions affecting only individual members, including, but not limited to:

(a)   Whether Defendants required Plaintiff and class members to work off-the-clock without payment;

(b)   Whether Defendants required Plaintiff and class members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay legally required overtime compensation to Plaintiff and class members;

(c)   Whether Defendants failed to pay at least minimum wages for all hours worked by Plaintiff and class members;

(d)   Whether Defendants deprived Plaintiff and class members of meal periods or required Plaintiff and class members to work during meal periods without compensation;

(e)   Whether Defendants deprived Plaintiff and class members of rest periods or required Plaintiff and class members to work during rest periods without compensation;

(f)   Whether Defendants complied with wage reporting as required by California Labor Code section 226(a);

(g)   Whether Defendants failed to timely pay wages due to Plaintiff and class members during their employment, including meal and rest period premium wages;

(h)   Whether Defendants failed to timely pay wages due to class members upon their discharge. including meal and rest period

CLASS ACTION COMPLAINT

1    premium wages;

2        (i)    Whether Defendants' failure to pay wages, without abatement or

3        reduction, in accordance with the California Labor Code, was willful

4        or reckless;

5        (j)    Whether Defendants engaged in unfair business practices in

6        violation of California Business & Professions Code sections 17200,

7        *et seq.*; and

8        (k)    The appropriate amount of damages, restitution, or monetary

9        penalties resulting from Defendants' violations of California law.

10    20.    There is a well-defined community of interest in the litigation and the class is

11   readily ascertainable:

12        (a)    <u>Numerosity</u>:  The members of the class are so numerous that joinder of

13        all members would be unfeasible and impractical.  The membership of

14        the entire class is unknown to Plaintiff at this time; however, the class is

15        estimated to be over forty and the identity of such membership is readily

16        ascertainable by inspection of Defendants' employment records.

17        (b)    <u>Typicality</u>:  Plaintiff is qualified to, and will, fairly and adequately

18        protect the interests of each class member with whom he has a well-

19        defined community of interest, and Plaintiff's claims (or defenses, if

20        any) are typical of all Class Members' as demonstrated herein.

21        (c)    <u>Adequacy</u>:  Plaintiff is qualified to, and will, fairly and adequately

22        protect the interests of each class member with whom he has a well-

23        defined community of interest and typicality of claims, as demonstrated

24        herein.  Plaintiff acknowledges that he has an obligation to make known

25        to the Court any relationship, conflicts or differences with any class

26        member.  Plaintiff's attorneys, the proposed class counsel, are versed in

27        the rules governing class action discovery, certification, and settlement.

28        Plaintiff has incurred, and throughout the duration of this action, will

CLASS ACTION COMPLAINT

1          continue to incur costs and attorneys' fees that have been, are and will

2          be necessarily expended for the prosecution of this action for the

3          substantial benefit of each class member.

4      (d)    <u>Superiority</u>:  The nature of this action makes the use of class action

5          adjudication superior to other methods.  A class action will achieve

6          economies of time, effort, and expense as compared with separate

7          lawsuits, and will avoid inconsistent outcomes because the same issues

8          can be adjudicated in the same manner and at the same time for the

9          entire class.

10      (e)    <u>Public Policy Considerations</u>:  Employers in the State of California

11          violate employment and labor laws every day.  Current employees are

12          often afraid to assert their rights out of fear of direct or indirect

13          retaliation.  Former employees are fearful of bringing actions because

14          they believe their former employers might damage their future

15          endeavors through negative references and/or other means.  Class

16          actions provide the class members who are not named in the complaint

17          with a type of anonymity that allows for the vindication of their rights at

18          the same time as their privacy is protected.

19  **GENERAL ALLEGATIONS**

20      21.    Defendants operates medical clinical laboratories throughout the State of

21  California.

22      22.    Defendants employed Plaintiff as a non-exempt, hourly-paid employee, in its

23  multiple California retail stores through approximately January of 2018.

24      23.    Defendants continue to employ non-exempt, hourly-paid employees at multiple

25  laboratory locations throughout California.

26      24.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

27  mentioned, Defendants were advised by skilled lawyers and other professionals, employees

28  and advisors knowledgeable about California labor and wage law, employment and personnel

1  practices, and about the requirements of California law.

2       25.    Plaintiff is informed and believes, and thereon alleges, that employees were not

3  paid for all hours worked because all hours worked were not recorded.

4       26.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

5  should have known that Plaintiff and class members were entitled to receive certain wages for

6  overtime compensation and that they were not receiving certain wages for overtime

7  compensation.

8       27.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

9  should have known that Plaintiff and class members were entitled to receive at least minimum

10  wages for compensation and that, in violation of the California Labor Code, they were not

11  receiving at least minimum wages for work done off-the-clock.

12       28.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

13  should have known that Plaintiff and other class members were entitled to receive all meal

14  periods or payment of one (1) additional hour of pay at Plaintiff and other class members'

15  regular rate of pay when they did not receive a timely, uninterrupted meal period, and that

16  they did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiff

17  and other class members' regular rate of pay when they did not receive a timely, uninterrupted

18  meal period.

19       29.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

20  should have known that Plaintiff and other class members were entitled to receive all rest

21  periods or payment of one (1) additional hour of pay at Plaintiff and other class members'

22  regular rate of pay when a rest period was missed, and that they did not receive all rest periods

23  or payment of one (1) additional hour of pay at Plaintiff and other class members' regular rate

24  of pay when a rest period was missed.

25       30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

26  should have known that Plaintiff and other class members were entitled to receive complete

27  and accurate wage statements in accordance with California law.  In violation of the California

28  Labor Code, Plaintiff and other class members were not provided with complete and accurate

1    wage statements.

2           31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

3    should have known that Plaintiff and other class members were entitled to timely payment of

4    wages during their employment.  In violation of the California Labor Code, Plaintiff and other

5    class members did not receive payment of all wages, including, but not limited to meal and

6    rest period premium wages, within permissible time periods.

7           32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

8    should have known that terminated class members were entitled to timely payment of wages

9    upon termination.  In violation of the California Labor Code, terminated class members did

10   not receive payment of all wages, including, but not limited to meal and rest period premium

11   wages, within permissible time periods.

12          33.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

13   mentioned, Defendants knew or should have known that they had a duty to compensate

14   Plaintiff and other members of the class, and that Defendants had the financial ability to pay

15   such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely

16   represented to Plaintiff and other class members that they were properly denied wages, all in

17   order to increase Defendants' profits.

18          34.    At all times herein set forth, PAGA was applicable to Plaintiff's employment

19   by Defendants.

20          35.    At all times herein set forth, PAGA provides that any provision of law under

21   the California Labor Code that provides for a civil penalty to be assessed and collected by the

22   LWDA for violations of the California Labor Code may, as an alternative, be recovered

23   through a civil action brought by an aggrieved employee on behalf of herself and other current

24   or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

25          36.    Pursuant to PAGA, a civil action under PAGA may be brought by an

26   "aggrieved employee," who is any person that was employed by the alleged violator and

27   against whom one or more of the alleged violations was committed.

28          37.    Plaintiff was employed by Defendants and the alleged violations were

CLASS ACTION COMPLAINT

1   committed against her during her time of employment and she is, therefore, an aggrieved

2   employee.  Plaintiff and other employees are "aggrieved employees" as defined by California

3   Labor Code section 2699(c) in that they are all current or former employees of Defendants,

4   and one or more of the alleged violations were committed against them.

5         38.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved

6   employee, including Plaintiff, may pursue a civil action arising under PAGA after the

7   following requirements have been met:

8                  (a)  The aggrieved employee shall give written notice by certified

9                  mail (hereinafter "Employee's Notice") to the LWDA and the

10                employer of the specific provisions of the California Labor Code

11                alleged to have been violated, including the facts and theories to

12                support the alleged violations.

13                  (b)  The LWDA shall provide notice (hereinafter "LWDA Notice")

14                to the employer and the aggrieved employee by certified mail that it

15                does not intend to investigate the alleged violation within sixty (60)

16                calendar days of the postmark date of the Employee's Notice.  Upon

17                receipt of the LWDA Notice, or if the LWDA Notice is not provided

18                within sixty-five (65) calendar days of the postmark date of the

19                Employee's Notice, the aggrieved employee may commence a civil

20                action pursuant to California Labor Code section 2699 to recover

21                civil penalties in addition to any other penalties to which the

22                employee may be entitled.

23         39.    On July 12, 2018 Plaintiff provided written notice by certified mail to the

24   LWDA and to Defendants of the specific provisions of the California Labor Code alleged to

25   have been violated, including the facts and theories to support the alleged violations, pursuant

26   to California Labor Code section 2699.3.  Defendants have failed to cure any of the alleged

27   violations.

28         40.    Therefore, as of September 15, 2018, the administrative prerequisites under

CLASS ACTION COMPLAINT

1   California Labor Code section 2699.3(a) are satisfied and Plaintiff has authorization to

2   recover civil penalties and unpaid wages against Defendants, in addition to other remedies, for

3   violations of California Labor Code sections 201, 202, 203, 204, 206.5, 226(a), 226.7, 510,

4   512, 1194, 1197, 1197.1, and 1198.

5   **FIRST CAUSE OF ACTION**

6   **Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime**

7   **(Against All Defendants)**

8       41.   Plaintiff incorporates by reference and re-alleges as if fully stated herein each

9   and every allegation set forth above.

10       42.   California Labor Code section 1198 makes it illegal to employ an employee

11   under conditions of labor that are prohibited by the applicable wage order.  California Labor

12   Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission

13   shall be the . . . standard conditions of labor for employees.  The employment of any employee

14   . . . under conditions of labor prohibited by the order is unlawful."

15       43.   California Labor Code section 1198 and the applicable Industrial Welfare

16   Commission ("IWC") Wage Order provide that it is unlawful to employ persons without

17   compensating them at a rate of pay either time-and-one-half or two-times that person's regular

18   rate of pay, depending on the number of hours worked by the person on a daily or weekly

19   basis.

20       44.   Specifically, the applicable IWC Wage Order provides that Defendants are and

21   were required to pay Plaintiff and class members employed by Defendants, and working more

22   than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-

23   and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40)

24   hours in a workweek.

25       45.   The applicable IWC Wage Order further provides that Defendants are and were

26   required to pay Plaintiff and class members employed by Defendants, and working more than

27   twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate

28   of pay.

46.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

47.     During the relevant time period, Plaintiff and class members worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week without receiving overtime compensation therefor.  For one example, during the relevant time period, Defendants had policy and/or practices of requiring its employees to perform security searches of their belonging while off-the-clock. Because Plaintiff and class members worked shifts of eight (8) hours a day and/or forty (40) hours in a week, some of this uncompensated work time qualified for overtime premium.

48.     Defendants' failure to pay Plaintiff and class members the unpaid balance of overtime compensation, as required by California law, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

49.     Pursuant to California Labor Code section 1194, Plaintiff and class members are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

### SECOND CAUSE OF ACTION

**Violation of California Labor Code §§ 1194, 1197, 1197.1—Unpaid Minimum Wages**

**(Against All Defendants)**

50.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

51.     At all relevant times, California Labor Code sections 1194, 1197 and 1197.1 provide that the minimum wage for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful.  As set forth above, Defendants regularly required Plaintiff and

CLASS ACTION COMPLAINT

1    class members to work off-the-clock without compensation.  Defendants did not pay at least

2    minimum wages for all of these off-the-clock hours.  Also, to the extent that these off-the-

3    clock hours did not qualify for overtime premium payment, Defendants did not pay minimum

4    wages for those hours worked off-the-clock in violation of California Labor Code sections

5    1194, 1197, and 1197.1.

6         52.    Defendants' failure to pay Plaintiff and class members the minimum wage as

7    required violates California Labor Code sections 1194, 1197 and 1197.1.  Pursuant to those

8    sections, Plaintiff and class members are entitled to recover the unpaid balance of their

9    minimum wage compensation, as well as interest, costs, and attorney's fees.

10        53.    Pursuant to California Labor Code section 1194.2, Plaintiff and class members

11   are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid

12   and interest thereon.

13                          **THIRD CAUSE OF ACTION**

14   **Violations of California Labor Code §§ 226.7 and 512(a)—Unpaid Meal Period**

15                                  **Premiums**

16                          **(Against All Defendants)**

17        54.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

18   and every allegation set forth above.

19        55.    At all relevant times herein set forth, the applicable California Industrial

20   Welfare Commission (IWC) Wage Order(s) and California Labor Code sections 226.7 and

21   512(a) were applicable to Plaintiff's and the other class members' employment by Defendants

22   and each of them.

23        56.    At all relevant times herein set forth, California Labor Code section 226.7

24   provides that no employer shall require an employee to work during any meal period

25   mandated by an applicable order of the California Industrial Welfare Commission (IWC).

26        57.    At all relevant times herein set forth, California Labor Code section 512(a)

27   provides that an employer may not require, cause, or permit an employee to work for a period

28   of more than five (5) hours per day without providing the employee with a meal period of not

CLASS ACTION COMPLAINT

1   less than thirty (30) minutes, except that if the total work period per day of the employee is

2   not more than six (6) hours, the meal period may be waived by mutual consent of both the

3   employer and the employee.

4          58.    During the relevant time period, Plaintiff and other class members scheduled to

5   work for a period of time no longer than six (6) hours, and who did not waive their legally

6   mandated meal periods by mutual consent, were required to work for periods longer than five

7   (5) hours without a meal period of not less than thirty (30) minutes.

8          59.    During the relevant time period, Defendants willfully required Plaintiff and

9   other class members to work during meal periods and failed to compensate them for work

10  performed during meal periods.  For example, Plaintiff and other class members were required

11  to work through meal periods, cut their meal periods short, suffer interruptions during meal

12  periods, and/or take meal periods after the fifth hour of work because of Defendants'

13  practices.  Defendants then failed to pay Plaintiff and other class members all meal period

14  premiums due pursuant to California Labor Code section 226.7.

15         60.    Defendants' conduct violates applicable Industrial Welfare Commission (IWC)

16  Wage Order(s), and California Labor Code sections 226.7 and 512(a).

17         61.    Pursuant to the applicable Industrial Welfare Commission (IWC) Wage

18  Order(s) and California Labor Code section 226.7(b), Plaintiff and other class members are

19  entitled to recover from Defendants one (1) additional hour of pay at the employee's regular

20  hourly rate of compensation for each work day that the meal period was not provided.

21                            **FOURTH CAUSE OF ACTION**

22      **Violation of California Labor Code § 226.7—Unpaid Rest Period Premiums**

23                              **(Against All Defendants)**

24         62.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

25  and every allegation set forth above.

26         63.    At all relevant times herein set forth, the applicable IWC Wage Order and

27  California Labor Code section 226.7 were applicable to Plaintiff's and class members'

28  employment by Defendants.

64.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

65.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

66.     During the relevant time period, Defendants required Plaintiff and class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.  As with meal periods, Defendants failure to properly staff and coordinate employees' schedules lead to their being unable to take compliant rest breaks, even where they had knowledge about their rest break rights. Defendants then failed to pay Plaintiff and class members the full rest period premium due pursuant to California Labor Code section 226.7.  As a result, Defendants failed to pay Plaintiff and other class members rest period premiums in violation of California Labor Code section 226.7.

67.     During the relevant time period, Defendants failed to pay Plaintiff and class members the full rest period premium due pursuant to California Labor Code section 226.7.

68.     Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code section 226.7.

69.     Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and class members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular hourly rate of compensation for each work day that the rest period was not provided.

CLASS ACTION COMPLAINT

# FIFTH CAUSE OF ACTION

### Violation of California Labor Code §§ 201 and 202 – Wages Not Timely Paid Upon Termination

### (Against All Defendants)

70.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

71.    This cause of action is wholly derivative of and dependent upon the unpaid wage claims set forth for unpaid overtime wages, unpaid minimum wages, and unpaid meal and rest period premium wages, which remained unpaid upon termination of class members' employment.

72.    At all times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

73.    During the relevant time period, Defendants willfully failed to pay class members who are no longer employed by Defendants the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

74.    Defendants' failure to pay those class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

75.    California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee

CLASS ACTION COMPLAINT

1   shall continue as a penalty from the due date, and at the same rate until paid or until an action

2   is commenced; but the wages shall not continue for more than thirty (30) days.

3        76.     Class members are entitled to recover from Defendants the statutory penalty

4   wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30)

5   day maximum pursuant to California Labor Code section 203.

6                          **SIXTH CAUSE OF ACTION**

7   **Violation of California Labor Code § 226(a)—Non-Compliant Wage Statements**

8                          **(Against All Defendants)**

9        77.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each

10  and every allegation set forth above.

11       78.     At all material times set forth herein, California Labor Code section 226(a)

12  provides that every employer shall furnish each of his or her employees an accurate itemized

13  wage statement in writing, including, but not limited to, the name and address of the legal

14  entity that is the employer, total hours worked, and all applicable hourly rates.

15       79.     Defendants have intentionally and willfully failed to provide employees with or

16  retain complete and accurate wage statements.  The deficiencies include, among other things,

17  failing to state all wages owed or paid including but not limited to, overtime wages, minimum

18  wages, and meal and rest period premium wages as a result of failing to properly record meal

19  period violations and/or premiums and failing to accurately identify the name and address of

20  the legal entity that employed Plaintiffs and class members.  Further, in violation of California

21  Labor Code section 226(a), Defendant does not maintain on file a copy of the itemized

22  statements provided to employees or a computer-generated record that accurately shows gross

23  wages earned for all hours worked and not recorded, total hours worked by the employee as a

24  result of working off the clock and not recording those hours, the inclusive dates of the period

25  for which the employee is paid, the name and address of the legal entity that is the employer,

26  and all applicable hourly rates in effect during the pay period and the corresponding number

27  of hours worked at each hourly rate by the employee as required by California Labor Code

28  section 226(a).

80.   As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and class members have suffered injury and damage to their statutorily protected rights.

81.   Specifically, Plaintiff and class members have been injured by Defendants' intentional violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code section 226(a).  In addition, because Defendants failed to provide the accurate number of total hours worked on wage statements, Plaintiff has been prevented by Defendants from determining if all hours worked were paid and the extent of the underpayment.  Plaintiff has had to file this lawsuit, conduct discovery, reconstruct time records, and perform computations in order to analyze whether in fact Plaintiff was paid correctly and the extent of the underpayment, thereby causing Plaintiff to incur expenses and lost time.  Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate number of total hours worked.  This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

82.   Plaintiff and class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

## SEVENTH CAUSE OF ACTION

### Violation of California Labor Code §§ 2698, *et seq.*

### (Against All Defendants)

83.   Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

84.   California Labor Code §§ 2698, *et seq.* ("PAGA") permits Plaintiff to recover civil penalties for the violation(s) of the Labor Code sections enumerated in Labor Code section 2699.5.

85.   PAGA provides as follows, "[n]otwithstanding any other provision of law, a

plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part."

86.    Defendants' conduct, as alleged herein, violates numerous sections of the California Labor Code, including, but not limited to, the following:

    a.  Violation of Labor Code sections 510 and 1198 for Defendants' failure to compensate Plaintiff and other aggrieved employees for all overtime hours at the applicable overtime rate as herein alleged;

    b.  Violation of Labor Code sections 1194, 1197, and 1197.1 for Defendants' failure to compensate Plaintiff and other aggrieved employees for all hours worked with at least minimum wages as herein alleged;

    c.  Violation of Labor Code Sections 512 and 226.7 for Defendants' failure to provide Plaintiff and other aggrieved employees with legally mandated meal periods and failing to compensate Plaintiff and other aggrieved employees with one hours of premium pay for unprovided meal periods as alleged herein;

    d.  Violation of Labor Code Section 226.7 for Defendants' failure to provide Plaintiff and other aggrieved employees with legally mandated rest periods and failing to compensate Plaintiff and other aggrieved employees with one hours of premium pay for unprovided rest periods as alleged herein;

    e.  Violation of Labor Code section 226(a) for failure to provide compliant wage statements to Plaintiff and other aggrieved employees, as herein alleged;

    f.  Violation of Labor Code sections 201, 202, and 203 for failure to timely pay all earned wages to aggrieved employees upon discharge as herein alleged;

    g.  Violation of Labor Code section 204 for failure to pay all earned wages owed to Plaintiff and other aggrieved employees during employment as set forth more fully below; and

CLASS ACTION COMPLAINT

87.    California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

88.    California Labor Code section 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.  California Labor Code section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.  During the relevant time period, Defendants failed to pay Plaintiff and other aggrieved employees all wages due to them, including, but not limited to, minimum wages and reporting time pay within any time period specified by California Labor Code section 204.

89.    Defendants, at all times relevant to this complaint, were employers or persons acting on behalf of an employer(s) who violated Plaintiff and aggrieved employees' rights by violating various sections of the California Labor Code as set forth above.

90.    As set forth above, Defendants have violated numerous provisions of both the Labor Code sections regulating hours and days of work as well as the applicable order of the Industrial Welfare Commission and are subject to civil penalties, in addition to those provided by Labor Code sections 2698 and 2699.

91.    Pursuant to PAGA, and in particular California Labor Code sections 2699, 2699.3 and 2699.5, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and collection of unpaid wages and civil penalties for Plaintiff, all other aggrieved employees, and the State of California against Defendants. in addition to other remedies, for

1   violations of California Labor Code sections 201, 202, 203, 204, 206.5, 226(a),  226.7, 510,

2   512, 1194, 1197, 1197.1, and 1198.

3                              **EIGHTH CAUSE OF ACTION**

4          **Violation of California Business & Professions Code §§ 17200, *et seq.***

5                              **(Against All Defendants)**

6          92.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

7   and every allegation set forth above.

8          93.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

9   unlawful and harmful to Plaintiff, class members, and to the general public.  Plaintiff seeks to

10  enforce important rights affecting the public interest within the meaning of Code of Civil

11  Procedure section 1021.5.

12         94.    Defendants' activities, as alleged herein, are violations of California law, and

13  constitute unlawful business acts and practices in violation of California Business &

14  Professions Code sections 17200, *et seq.*

15         95.    A violation of California Business & Professions Code sections 17200, *et seq.*

16  may be predicated on the violation of any state or federal law.  In the instant case, Defendants'

17  policies and practices have violated state law in at least the following respects:

18                (c)    Requiring non-exempt employees, including Plaintiff and class

19                       members, to work overtime without paying them proper compensation

20                       in violation of California Labor Code sections 510 and 1198 and the

21                       applicable Industrial Welfare Commission Order;

22                (d)    Failing to pay at least minimum wage to Plaintiff and class members in

23                       violation of California Labor Code sections 1194, 1197 and 1197.1 and

24                       the applicable Industrial Welfare Commission Order;

25                (e)    Failing to provide meal and rest periods or to pay premium wages for

26                       missed meal and rest periods to Plaintiff and class members in violation

27                       of California Labor Code sections 226.7 and 512 and the applicable

28                       Industrial Welfare Commission Order;

CLASS ACTION COMPLAINT

  (f)  Failing to provide Plaintiff and class members with accurate wage statements in violation of California Labor Code section 226(a) and the applicable Industrial Welfare Commission Order; and

  (g)  Failing to timely pay all earned wages to Plaintiff and class members in violation of California Labor Code sections 210, 202, 203 and 204 and the applicable Industrial Welfare Commission Order as set forth below.

96. Pursuant to California Business & Professions Code sections 17200 *et seq.*, Plaintiff and class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and class members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

**REQUEST FOR JURY TRIAL**

Plaintiff requests a trial by jury.

**PRAYER FOR RELIEF**

Plaintiff, on behalf of all others similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

1. For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in excess of twenty-five thousand dollars ($25,000).

**Class Certification**

2. That this case be certified as a class action;

3. That Plaintiff be appointed as the representative of the Class;

4. That counsel for Plaintiff be appointed as Class Counsel.

**As to the First Cause of Action**

5. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and class members;

6. For general unpaid wages at overtime wage rates and such general and special

1  damages as may be appropriate;

2      7.    For pre-judgment interest on any unpaid overtime compensation commencing

3  from the date such amounts were due;

4      8.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

5  California Labor Code section 1194(a); and

6      9.    For such other and further relief as the Court may deem equitable and

7  appropriate.

8                    **As to the Second Cause of Action**

9      10.   That the Court declare, adjudge and decree that Defendants violated California

10  Labor Code sections 1194, 1197 and 1197.1 by willfully failing to pay minimum wages to

11  Plaintiff and class members;

12     11.   For general unpaid wages and such general and special damages as may be

13  appropriate;

14     12.   For pre-judgment interest on any unpaid compensation from the date such

15  amounts were due;

16     13.   For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

17  California Labor Code section 1194(a);

18     14.   For liquidated damages pursuant to California Labor Code section 1194.2; and

19     15.   For such other and further relief as the Court may deem equitable and

20  appropriate.

21                    **As to the Third Cause of Action**

22     16.   That the Court declare, adjudge, and decree that Defendants violated California

23  Labor Code sections 226.7 and 512(a) and applicable Industrial Welfare Commission (IWC)

24  Wage Order(s) by willfully failing to provide all meal periods to Plaintiff and class members;

25     17.   That the Court make an award to the Plaintiff and class members of one (1)

26  hour of pay at each employee's regular rate of compensation for each workday that a meal

27  period was not provided;

28     18.   For all actual, consequential, and incidental losses and damages, according to

1  proof;

2       19.    For premiums pursuant to California Labor Code section 226.7(b);

3       20.    For pre-judgment interest on any unpaid meal period premiums from the date

4  such amounts were due; and

5       21.    For such other and further relief as the Court may deem equitable and

6  appropriate.

7                        **As to the Fourth Cause of Action**

8       22.    That the Court declare, adjudge and decree that Defendants violated California

9  Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all

10  rest periods to Plaintiff and class members;

11      23.    That the Court make an award to the Plaintiff and class members of one (I) hour

12  of pay at each employee's regular rate of compensation for each workday that a rest period

13  was not provided;

14      24.    For all actual, consequential, and incidental losses and damages, according to

15  proof;

16      25.    For premiums pursuant to California Labor Code section 226.7(b);

17      26.    For pre-judgment interest on any unpaid rest period premiums from the date

18  such amounts were due; and

19      27.    For such other and further relief as the Court may deem equitable and

20  appropriate.

21                        **As to the Fifth Cause of Action**

22      28.    That the Court declare, adjudge and decree that Defendants violated California

23  Labor Code sections 201, 202, and 203 by willfully failing to pay all overtime wages,

24  minimum wages, and meal and rest period premium wages owed at the time of termination of

25  the employment of class members no longer employed by Defendants.

26      29.    For all actual, consequential and incidental losses and damages, according to

27  proof;

28      30.    For statutory wage penalties pursuant to California Labor Code section 203 for

CLASS ACTION COMPLAINT

1    all class members who have left Defendants' employ;

2         31.    For pre-judgment interest on any unpaid wages from the date such amounts

3    were due; and

4         32.    For such other and further relief as the Court may deem equitable and

5    appropriate.

6                          **As to the Sixth Cause of Action**

7         33.    That the Court declare, adjudge and decree that Defendants violated the

8    recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage

9    Orders as to Plaintiff and class members, and willfully failed to provide accurate itemized

10   wage statements thereto;

11        34.    For all actual, consequential and incidental losses and damages, according to

12   proof;

13        35.    For statutory penalties and injunctive relief pursuant to California Labor Code

14   section 226(e) and (h); and

15        36.    For such other and further relief as the Court may deem equitable and

16   appropriate.

17                        **As to the Seventh Cause of Action**

18        37.    That the Court declare, adjudge and decree that Defendants violated the

19   following California Labor Code sections as to Plaintiff and/or other Aggrieved Employees:

20   510 and 1198 (by failing to pay all overtime wages); 1194, 1197, and 1197.1 (by failing to pay

21   at least minimum wages for all hours worked); 226.7 (by failing to provide meal or rest

22   periods or the required compensation in lieu thereof); 226(a) (by failing to provide accurate

23   and complete wage statements); 201, 202, 203 (by failing timely to pay all unpaid wages upon

24   termination); 204 (by failing timely to pay all earned wages during employment).

25        38.    For civil penalties pursuant to California Labor Code sections 210, 226.3,

26   1174.5, 1197.1, 2699(a) and/or 2699(f) and (g), for violations of California Labor Code

27   sections 201, 202, 203, 204, 206.5, 226(a), 226.7, 510, 512, 1194, 1197, 1197.1 and 1198;

28

CLASS ACTION COMPLAINT

**As to the Eighth Cause of Action**

39.     That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, *et seq.* by failing to pay overtime compensation due, failing to pay at least minimum wages for all hours worked, failing to provide meal and rest periods or premium wages in lieu thereof, failing to provide accurate wage statements, and failing timely to pay all earned wages during employment and upon termination;

40.     For restitution of unpaid wages to Plaintiff and all class members and prejudgment interest from the day such amounts were due and payable;

41.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200 *et seq.*;

42.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

43.     For such other and further relief as the Court may deem equitable and appropriate.

Dated: September 20, 2018                    Respectfully submitted,

                                             The Bainer Law Firm

                                   By:       _____

                                             Matthew R. Bainer, Esq.

                                             Attorneys for Plaintiff Alma Haro

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Matthew R. Bainer, Esq. (220972)<br>The Bainer Law Firm<br>1901 Harrison St., Suite 1100<br>Oakland CA 94612<br>TELEPHONE NO: 510-922-1802  FAX NO: 510-844-7701<br>ATTORNEY FOR *(Name):* Stephanie Anderson | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>SEP 20 2018<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br><br>By: Brittny Smith, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street Los Angeles, CA 90012
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Haro v. Laboratory Corporation of America

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | SC 722757 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

BY FAX

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☑ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Eight
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 20, 2018

Matthew R. Bainer, Esq.
_____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SHORT TITLE: Haro v. Laboratory Corporation of America | CASE NUMBER BC 732757 |
|---|---|

**BY FAX**

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Haro v. Laboratory Corporation of America | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons – See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Haro v. Laboratory Corporation of America | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: |
|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: September 20, 2018

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>111 North Hill Street, Los Angeles, CA 90012 | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>SEP 20 2018<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br><br>By: Brittny Smith, Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL – CLASS ACTION/COMPLEX | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER<br>BC 722757 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 6 | 211 | | | | |
| Hon. William F. Highberger | 10 | 10 | | | | |
| Hon. John Shepard Wiley, Jr. | 9 | 9 | | | | |
| Hon. Kenneth Freeman | 14 | 14 | | | | |
| Hon. Ann Jones | 11 | 11 | | | | |
| Hon. Maren E. Nelson | 17 | 17 | | | | |
| Hon. Carolyn B. Kuhl | 12 | 12 | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | Hon. Brian S. Currey | 15 | 15 |
| | | | | *Provisional complex (non-class<br>action) case assignment pending<br>complex determination | 14 | Supervising<br>Judge<br>14 |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on SEP 20 2018

LACIV 190 (Rev 12/17)
LASC Approved 05/06

SHERRI R. CARTER, Executive Officer/Clerk of Court

By _____ , Deputy Clerk

## NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

❖Los Angeles County Bar Association Litigation Section❖

❖ Los Angeles County Bar Association
Labor and Employment Law Section❖

❖Consumer Attorneys Association of Los Angeles❖

❖Southern California Defense Counsel❖

❖Association of Business Trial Lawyers❖

❖California Employment Lawyers Association❖

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at ***www.lacourt.org*** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-

　　　　　　　　　(INSERT DATE)　　　　　　　　　　　　　　　　　　　　(INSERT DATE)

complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➢ _____
　　　　(TYPE OR PRINT NAME)　　　　　　　　　　　　　　　(ATTORNEY FOR PLAINTIFF)

Date:

_____          ➢ _____
　　　　(TYPE OR PRINT NAME)　　　　　　　　　　　　　　　(ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
　　　　(TYPE OR PRINT NAME)　　　　　　　　　　　　　　　(ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
　　　　(TYPE OR PRINT NAME)　　　　　　　　　　　　　　　(ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
　　　　(TYPE OR PRINT NAME)　　　　　　　　　　　　　　　(ATTORNEY FOR _____)

Date:

_____          ➢ _____
　　　　(TYPE OR PRINT NAME)　　　　　　　　　　　　　　　(ATTORNEY FOR _____)

Date:

_____          ➢ _____
　　　　(TYPE OR PRINT NAME)　　　　　　　　　　　　　　　(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):        FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION -- DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION -- DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

---

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

---

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):          FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1.  At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2.  The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a.  Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b.  Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3.  All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____        ➤ _____
      (TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)

Date:

_____        ➤ _____
      (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
      (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
      (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ (ATTORNEY FOR _____)
      (TYPE OR PRINT NAME)

Date:

_____        ➤ (ATTORNEY FOR _____)
      (TYPE OR PRINT NAME)

Date:

_____        ➤ (ATTORNEY FOR _____)
      (TYPE OR PRINT NAME)

**THE COURT SO ORDERS.**

Date: _____          _____
                                                     JUDICIAL OFFICER

---

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

■ **Arbitration**

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

■ **Mandatory Settlement Conference (MSC)**

**Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Additional Information**

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221