JS-6

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMA HARO, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>Plaintiff,<br>v.<br><br>LABORATORY CORPORATION OF AMERICA, a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:18-cv-09091-AB-RAO<br><br>[Related Case Nos. 2:19-cv-07310-CAS (RAOx) and 2:19-cv-06079-AB-RAO]<br><br>**[PROPOSED] ORDER:**<br><br>**(1) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND**<br><br>**(2) ENTERING FINAL JUDGMENT** |
| MEER JAN, on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>LABORATORY CORPORATION OF AMERICA, a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | |

-1-

-2-

| | |
|---|---|
| 1 | MICHAEL IGNACIO, an individual, on behalf of himself and on behalf of all persons similarly situated, |
| 2 | |
| 3 | |
| | Plaintiff, |
| 4 | v. |
| 5 | |
| 6 | LABORATORY CORPORATION OF AMERICA, a Delaware Corporation; and DOES 1 through 500, inclusive, |
| 7 | |
| 8 | Defendants. |

On November 13, 2020, a hearing was held on the motion of Plaintiffs Alma Haro, Michael Ignacio, and Meer Jan ("Plaintiffs") for final approval of the class settlement (the "Settlement") with Defendant Laboratory Corporation of America ("Defendant" or "Laboratory Corporation") and payments to the Class, the Plaintiffs, Class Counsel, and the Settlement Administrator.

The Parties have submitted their Settlement, which this Court preliminarily approved by its July 22, 2020 Order (Docket No. 45) (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to comment on or object to it or to exclude themselves from its provisions.

Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court before entering the Preliminary Approval Order and at the final approval hearing, the Court **GRANTS** final approval of the Settlement, enters this Order and Judgment, and **HEREBY ORDERS and MAKES DETERMINATIONS** as follows:

1. Except as otherwise specified herein, the Court for purposes of this Final Approval Order adopts all defined terms set forth in the Class Action Settlement Agreement ("Agreement").

2. The Court has jurisdiction over this Action and the Settlement pursuant to 28 U.S.C. sections 1132(a) and 1332(d). The Court finds that the CAFA Notice has been served as required by the Class Action Fairness Act, 28 U.S.C. § 1711 et seq. ("CAFA") (Docket No. 47).

3. In the Preliminary Approval Order, this Court certified the Class for settlement purposes only. For settlement purposes, the Court confirms the certification of the Class which is defined as: All persons employed by Defendant in the State of California in the following positions: Patient Service Technicians ("PST"), PST Specialists, Patient Intake Representatives, PST Team Leaders, PSC Site Coordinators,

1  PSC Administrators, PSC Administrators/PST, and Phlebotomist/Couriers during the
2  period starting on September 20, 2014 through July 1, 2020 (the "Class Period").

3  4.  Pursuant to the Preliminary Approval Order, the Notice of Pendency of Class Action Settlement and Hearing Date for Court Approval ("Class Notice") was sent to each class member by first-class mail.  The Class Notice informed Class Members of the terms of the Settlement, their right to receive a Settlement Share, their right to comment on or object to the Settlement and/or the attorneys' fees and costs, their right to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement.  Adequate periods of time were provided by each of these procedures.

5.  The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the settlement based on the responses of Class Members.  The Court finds and determines that the Class Notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

6.  No Class Members filed written objections to the proposed settlement as part of this notice process.

7.  For the reasons stated in the Preliminary Approval Order, the Court finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member and that the Settlement Class Members will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

8.  The Court finds and determines that the all-inclusive Gross Settlement Fund in the maximum amount of One Million Two Hundred Twenty-Five Thousand Dollars ($1,225,000) and the Individual Settlement Payments to be paid to the Settlement Class Members as provided for by the Settlement are fair and reasonable. The Court hereby grants final approval to and orders the payment of those amounts be

distributed to the Settlement Class Members out of the Net Settlement Fund in accordance with the Agreement. Pursuant to the terms of the Agreement, the Settlement Administrator is directed to make the payments to each Settlement Class Member in accordance with the Agreement.

9. The Court finds and determines that the fees and expenses of ILYM Group in administrating the settlement, in the amount of $23,341.50, are fair and reasonable. The Court hereby grants final approval to and orders that the payment of that amount be paid out of the Gross Settlement Fund in accordance with the Agreement.

10. The Court approves the PAGA Payment of $20,000, which shall be allocated $15,000 to the LWDA (the "LWDA Payment") as the LWDA's share of the settlement of civil penalties paid under this Agreement pursuant to the PAGA, and $5,000 to the Net Settlement Fund for distribution to the Settlement Class Members.

11. The Court finds and determines that the request by Plaintiffs and Class Counsel to the Class Representative Enhancement Payments and the attorneys' fees and costs pursuant to the Agreement are fair and reasonable. The Court hereby grants final approval to and orders that the payment of the amounts of $10,000 each to the Plaintiffs for their Class Representative Enhancement Payments, $408,333.33 for attorneys' fees to Class Counsel, and $32,939.65 for reimbursement of costs be paid out of the Gross Settlement Fund in accordance with the Settlement.

12. Upon the Effective Date, the Defendant and Released Parties shall be released by the Settlement Class Members of all Released Class Claims. "Released Class Claims" are all claims for unpaid wages, premiums, and civil and statutory penalties under the applicable California Labor Code, Wage Orders, regulations, and/or provisions of federal or state law governing wages and hours of work that were asserted in the Putative Class Actions, or that arise from or could have been asserted based on any of the facts, circumstances, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act alleged in Plaintiffs' Putative Class Actions

arising out of or related to the Putative Class Member's employment with Defendant and which arose during the Class Period, regardless of whether such claims arise under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law that occurred during the Class Period, including but not limited to: (1) claims for failure to pay wages earned pursuant to California Labor Code §§1194, 1194.2, 1198 or the Industrial Welfare Commission ("IWC") Wage Orders; (2) claims for failure to pay overtime pursuant to California Labor Code §§510, 1194 or the IWC Wage Orders; (3) claims for failure to pay overtime under Labor Code §§1197, 1199 or the IWC Wage Orders; (4) claims for failure to pay at least minimum wages in violation of California Labor Code §§1194, 1197, 1197.1 or the IWC Wage Orders; (5) claims for the failure to issue complete and accurate wage statements pursuant to California Labor Code §226(a) or the IWC Wage Orders, and failure to maintain records and information pursuant to California Labor Code §§226(a), 1174, 1175 or the IWC Wage Orders; (6) claims for the failure to timely pay wages upon termination pursuant to California Labor Code §§201, 202 or 203; (7) claims for the failure to timely pay wages pursuant to California Labor Code §§204, 216 or 225.5; (8) claims for meal period and/or rest period violations under California Labor Code §§226.7, 226.7(b), or 512(a) or the IWC Wage Orders; (9) claims for reporting time pay violations under California Labor Code §1198 or the IWC Wage Orders; (10) claims for business expenses under California Labor Code section 2802; (11) incorporated or related claims asserted through California Labor Code §§2699, et seq. ("PAGA") or § 558; (12) claims under the Fair Labor Standards Act related to the claims asserted in this Action; (13) claims for unpaid wages for "off the clock" work; (14) claims for related penalties (e.g., under California Labor Code §210); and (15) incorporated or related claims pursuant to the California Business and Professions Code §§17200, *et seq*.

13. Pursuant to the terms of the Agreement, the Plaintiffs also fully and finally releases Defendant and the other Released Parties from any and all claims, obligations, demands, actions, rights, causes of action, and liabilities against any of the Released

Parties of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, constitution, common law, or other source of law or contract, whether known or unknown, and whether anticipated or unanticipated, including all claims arising from or relating to any and all acts, events and omissions occurring prior to the date Plaintiffs sign this Agreement including, but not limited to, all claims which relate in any way to Plaintiffs' employment with or termination of employment from Defendant or any of the other Released Parties ("Named Plaintiff Individual Released Claims").

14. Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that Defendant make payment in accordance with the Agreement.

15. If, for any reason, the Effective Date (as defined by the Settlement) does not occur, this Order will be vacated; the Parties will return to their respective positions in this action as those positions existed before the Parties executed the Agreement; and nothing stated in the Agreement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

16. The Parties entered into the Settlement solely for the purpose of compromising and settling disputed claims. Defendant in no way admits any violation of law or any liability whatsoever to Plaintiffs and/or the Class, individually or collectively, all such liability being expressly denied by Defendant.

17. Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

18. Each side will bear its own costs and attorneys' fees except as provided by the Agreement and this Order.

19. By means of this Order, this Court hereby enters final judgment in this action, as defined in Rule 58(a)(1), Federal Rules of Civil Procedure.

20. The Parties are hereby ordered to comply with the terms of the Agreement.

21. This action is dismissed with prejudice as to the claims released by the settlement.

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

Date: November 18, 2020

_____
HON. ANDRÈ BIROTTE, JR.
U.S. DISTRICT COURT JUDGE